UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS RONALD SWALLOW,<br><br>               Plaintiff,<br><br>    v.<br><br>ELKO COUNTY, *et. al.*,<br><br>               Defendants. | Case No. 3:23-CV-00227-ART-CLB<br><br>**SCREENING ORDER** |

Before the Court is Plaintiff Marcus Swallow's ("Swallow") application to proceed *in forma pauperis* (ECF No. 1), his *pro se* civil rights complaint (ECF No. 1-1), and his motion for appointment of counsel (ECF No. 1-3). The Court addresses each in turn.

**I.**  ***IN FORMA PAUPERIS* APPLICATION**

A person may be granted permission to proceed *in forma pauperis* ("IFP") if the person "submits an affidavit that includes a statement of all assets such [person] possesses [and] that the person is unable to pay such fees or give security therefore. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1); *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc) (stating 28 U.S.C. § 1915 applies to all actions filed IFP, not just prisoner actions).

Pursuant to the LSR 1-1: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed [IFP]. The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, expenses, and liabilities."

"[T]he supporting affidavit [must] state the facts as to [the] affiant's poverty with some particularity, definiteness and certainty." *U.S. v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981) (quotation marks and citation omitted). A litigant need not "be absolutely destitute to enjoy the benefits of the statute." *Adkins v. E.I. Du Pont de Nemours & Co.*,

335 U.S. 331, 339 (1948).

A review of the application to proceed IFP reveals Swallow cannot pay the filing fee. (*See* ECF No. 1.) Accordingly, the IFP application is granted.

## II. SCREENING STANDARD

Inmate civil rights complaints are governed by 28 U.S.C. § 1915A. Section 1915A provides, in relevant part, that "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim upon which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915A(b). A complaint is frivolous when "it lacks an arguable basis in either law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., delusional scenarios). *Id.* at 327–28; *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Dismissal for failure to state a claim under § 1915A incorporates the same standard applied in the context of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012), which requires dismissal where the complaint fails to "state a claim for relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The complaint is construed in a light most favorable to the plaintiff. *Chubb Custom Ins. Co. v. Space Systems/Loral Inc.*, 710 F.3d 946, 956 (9th Cir. 2013). The court must accept as true all well-pled factual allegations, set aside legal conclusions, and verify that the factual allegations state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The complaint need not contain detailed factual allegations, but must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Particular care is taken in reviewing the pleadings of a *pro se* party, for a more forgiving standard applies to litigants not represented by counsel. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Still, a liberal construction may not be used to supply an essential element of the claim not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). If dismissal is appropriate, a *pro se* plaintiff should be given leave to amend the complaint and notice of its deficiencies, unless it is clear that those deficiencies cannot be cured. *Cato v. United States*, 70 F.3d 1103, 1107 (9th Cir. 1995).

### III.     SCREENING OF COMPLAINT

In his complaint, Swallow sues Defendants Elko County and West Wendover Police Department (collectively referred to as "Defendants"), pursuant to 42 U.S.C. § 1983. (*See* ECF No. 1-1.) Specifically, Swallow asserts violations by Defendants of excessive force, retaliation, and threat to safety related to an apparent officer involved shooting between Swallow and West Wendover Police Officers. (*Id.* at 2-5.)

While Swallow's complaint is scant in detail, it alleges the following: On March 12, 2020, after acting upon a confidential informant's information about Swallow "bringing [and] selling drugs", West Wendover Police Department Officers Luis Perez, Miguel Pantelakis, and Matthew Ulm "staked out" Swallow's home and waited until Swallow exited and then attempted to "kill [Swallow] execution style by means of a firing squad." (*Id.*) Swallow alleges the three officers shot over forty-seven times resulting in an unspecified injury to Swallow which required him to be "life flighted and hospitalized." (*Id.*) Based on these allegations, Swallow asserts he is entitled to monetary damages. (*Id.* at 6.)

While Swallow's complaint need not contain detailed factual allegations, it must offer more than "a formulaic recitation of the elements of a cause of action" and "raise a right to relief above a speculative level." *Twombly*, 550 U.S. at 555. Additionally, Federal Rule of Civil Procedure 8(a)(2) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (quotation and alteration omitted).

///

Here, the vagueness and conclusory nature of Swallow's complaint makes it difficult for the Court to determine whether any claims exist. For instance, while the complaint states "excessive force" it is unclear what the facts and circumstances surrounding this alleged excessive force incident were. Additionally, due to the vague nature of the complaint, it is unclear how each of the named defendants—who are only Elko County and West Wendover Police Department—were involved in the incident.

For all these reasons, the Court finds that Swallow's complaint fails to state a claim upon which relief may be granted. Accordingly, Swallow is granted leave to file an amended complaint to cure the deficiencies of the complaint. If Swallow chooses to file an amended complaint, he is advised that an amended complaint supersedes (replaces) the original complaint and, thus, the amended complaint must be complete in itself. *See Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) (holding that "[t]he fact that a party was named in the original complaint is irrelevant; an amended pleading supersedes the original"). Any allegations, parties, or requests for relief from prior papers that are not carried forward will no longer be before the Court. Swallow should clearly title the amended pleading as "First Amended Complaint." For each Defendant and each claim, he must allege true facts sufficient to show that the particular Defendant violated Swallow's rights. Swallow may not amend the complaint to add unrelated claims against other defendants.

The Court notes that, if Swallow chooses to file an amended complaint curing the deficiencies, as outlined in this order, he must file the amended complaint by Friday, July 14, 2023. If Swallow chooses not to file an amended complaint curing the stated deficiencies, the Court will recommend that the case be dismissed.

IV. **MOTION FOR APPOINTMENT OF COUNSEL**

Finally, before the Court is Swallow's motion for appointment of counsel (ECF No. 1-3). A litigant in a civil rights action does not have a Sixth Amendment right to appointed counsel. *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981). The Supreme Court has ruled that district courts lack authority to require counsel to represent indigent

prisoners in § 1983 cases. *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296 (1989). In only "exceptional circumstances," the Court may request voluntary assistance of counsel pursuant to 28 U.S.C. § 1915(e)(1). *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009). Without a reasonable method of securing and compensating counsel, this Court will seek volunteer counsel only in the most serious and exceptional cases. A finding of such exceptional circumstances requires that the court evaluate both the likelihood of success on the merits and the *pro se* litigant's ability to articulate his claims in light of the complexity of the legal issues involved. Neither factor is controlling; both must be viewed together in making the finding. *Cano v. Taylor*, 739 F.3d 1214, 1218 (9th Cir. 2014). The Court exercises discretion in making this finding. *Id.* (citing *Palmer*, 560 F.3d at 970).

In the present case, the Court does not find the required exceptional circumstances. Even if it is assumed that Swallow is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with similar cases almost daily. The Court will not enter an order directing the appointment of counsel in this case. Swallow has demonstrated that he is able to litigate this case on his own. Accordingly, the motion for appointment of counsel (ECF No. 1-3) is denied.

V.     CONCLUSION

**IT IS THEREFORE ORDERED** that Swallow's *in forma pauperis* application, (ECF No. 1), is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk **FILE** the complaint, (ECF No. 1-1), but **SHALL NOT** issue summons at this time.

**IT IS FURTHER ORDERED** that Complaint is dismissed, in its entirety, with leave to amend, as outlined above.

**IT IS FURTHER ORDERED** that if Swallow chooses to file an amended complaint curing the deficiencies of his complaint, as outlined in this order, Swallow shall file the amended complaint by **Friday, July 14, 2023**.

**IT IS FURTHER ORDERED** that if Swallow chooses not to file an amended complaint curing the stated deficiencies, the Court will recommend that the case be dismissed.

**IT IS FURTHER ORDERED** that Swallow's motion for appointment of counsel, (ECF No. 1-3), is **DENIED**.

DATED: June 14, 2023.

_____
**UNITED STATES MAGISTRATE JUDGE**