UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARCUS RONALD SWALLOW,<br><br>         Plaintiff,<br>v.<br>MIGUEL PANTELAKIS, *et al.*,<br>         Defendants. | Case No. 3:23-cv-00227-ART-CLB<br><br>ORDER DENYING MOTION TO DISMISS (ECF NO. 12) AND MOTION TO APPLY EQUITABLE TOLLING (ECF NO. 25) |

   Plaintiff Marcus Ronald Swallow brings this action under 42 U.S.C. § 1983 against Defendants Miguel Pantelakis, Matthew Ulm, and Luis Perez alleging that Defendants used excessive force while arresting him by firing at him over 47 times without identifying themselves as police officers. Before the Court is a Motion to Dismiss (ECF No. 12) by Defendants arguing that Mr. Swallow's claim is barred by the applicable statute of limitations, NRS 11.190(4)(e), and a Motion to Apply Equitable Tolling (ECF No. 25) by Mr. Swallow. Because Mr. Swallow has raised a colorable claim for equitable tolling, the Court finds dismissal inappropriate at this time.

   Mr. Swallow complains of Defendants' use of excessive force during an arrest that occurred on March 12th, 2020. (ECF No. 7 at 3.) He filed his initial complaint with this Court on May 30, 2023. (ECF No. 1-1.) Federal courts apply state statutes of limitations to § 1983 claims, *Lockett v. County of Los Angeles*, 977 F.3d 737, 740 (9th Cir. 2020), and Nevada's statute of limitations for claims such as Mr. Swallow's is two years, NRS 11.190(4)(e); *see also Rosales-Martinez v. Palmer*, 753 F.3d 890, 895 (9th Cir. 2014) ("in the absence of a federal provision for § 1983 actions, the analogous [Nevada] state statute of limitations for personal injury claims applies."); *Perrez v. Seevers,* 869 F.2d 425 (9th Cir.

1989). Mr. Swallow's alleged injury occurred on March 12, 2020, so NRS 11.190(4)(e) bars any claim brought after March 12, 2022. Since Mr. Swallow filed his complaint with this court on May 30, 2023, his claim will only survive dismissal if equitable tolling applies.

Mr. Swallow raises two grounds for equitable tolling. First, he argues that he failed to file his claim because he was under the false impression that he was barred from filing until his underlying criminal proceedings had ended, which occurred in February 2023. (ECF No. 17 at 1-2.) Second, he argues that the COVID prison lockdown meant he was unable to access the prison law library for 16 months, from March 12, 2020 to July 14, 2021, rendering him unable to file a claim during that time. (ECF No. 25 at 1-3.) During the lockdown, Mr. Swallow made multiple attempts to gather information related to his claim, including by contacting a courthouse, sending letters to the prosecutor in his criminal case, and having a non-incarcerated friend call that prosecutor's office. (*Id.* at 2-3.) Defendants respond that Mr. Swallow's mistaken belief about filing requirements is not grounds for equitable tolling and that Mr. Swallow has failed to demonstrate "diligence," as required under Nevada law, because he waited an additional two years to file his claim. (ECF No. 29 at 4, 6-7.)

Federal courts look to state law to determine whether equitable tolling applies to § 1983 claims. *Lockett*, 977 F.3d at 740. In order to apply equitable tolling, Nevada courts require a plaintiff to show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id.* (citing *Kwai Fun Wong v. Beebe*, 732 F.3d 1030, 1052 (9th Cir. 2013)). In determining the above, courts consider the following nonexclusive factors:

> the diligence of the claimant; the claimant's knowledge of the relevant facts; the claimant's reliance on authoritative statements by the administrative agency that misled the claimant about the nature of the claimant's rights; any deception or false assurances on the part of the employer against whom the claim is made; the prejudice to the employer that would actually result from delay during the time that the limitations period is tolled; and any other equitable considerations appropriate in the particular case.

*Fausto v. Sanchez-Flores*, 482 P.3d 677, 681 (Nev. 2021).

Generally, questions of equitable tolling cannot be decided on motions to dismiss. *Supermail Cargo, Inc. v. U.S.*, 68 F.3d 1204, 1206 (9th Cir. 1995) ("Because the applicability of the equitable tolling doctrine often depends on matters outside the pleadings, it is not generally amenable to resolution on a Rule 12(b)(6) motion.") (internal quotation marks omitted). "A motion to dismiss based on the running of the statute of limitations period may be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled." *Id.* (internal quotation marks omitted). A court may not dismiss a complaint "unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim." *Id.* Equitable tolling is typically a "fact-intensive" inquiry that "is more appropriately [considered] at the summary judgment or trial stage of litigation." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276 (9th Cir. 1993)(citations omitted).

Because Mr. Swallow has stated a colorable claim for equitable tolling, dismissal based on NRS 11.190(4)(e) is inappropriate. Mr. Swallow claims that he lacked access to a law library for sixteen months during the height of the COVID-19 pandemic, while on lockdown in a Utah State Prison, and his diligent attempts to get information failed. Mr. Swallow claims that things improved in June 2021 when he was extradited to Nevada and received some discovery. He fails to explain, however, why it took him nearly two years after June 2021 to file his complaint. Specifically, he fails to explain whether circumstances outside of his control kept him from filing and/or whether he acted diligently during that period.

It is therefore ordered that Defendants' Motion to Dismiss (ECF No. 12) is denied. It is further ordered that Mr. Swallow's Motion to Apply Equitable Tolling (ECF No. 25) is denied without prejudice. In response to any argument in a

3

motion for summary judgment or at trial regarding the application of equitable tolling, Mr. Swallow may renew his arguments and provide additional details, as noted above.

Dated this 27th Day of December 2023.

ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE