UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| MARCUS RONALD SWALLOW,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>MIGUEL PANTELAKIS, *et al.*,<br>　　　　　　　　　　　Defendants. | Case No. 3:23-cv-00227-ART-CLB<br><br>**ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL (ECF NO. 57)** |

Plaintiff Marcus Ronald Swallow brings this action under 42 U.S.C. § 1983 against Defendants Miguel Pantelakis, Matthew Ulm, and Luis Perez alleging that Defendants used excessive force against him. Before the Court is Plaintiff's Motion for Appointment of Counsel (ECF No. 57). The Court denies that motion, but grants Plaintiff additional time to respond to Defendants' pending Motion for Summary Judgment (ECF No. 54).

**I.　BACKGROUND**

In September 2024, Defendants moved for summary judgment based on statute of limitations, no constitutional violation, and qualified immunity. (ECF No. 54.) Plaintiff has not opposed that motion. Instead, Plaintiff filed a request for extension of time, stating that he has had issues accessing mail, and filed this motion for appointment of counsel.

**II.　DISCUSSION**

Generally, a person has no right to counsel in civil actions. *Palmer v. Valdez*, 560 F.3d 965, 970 (9th Cir. 2009) (citing *Storseth v. Spellman*, 654 F.2d 1349, 1353 (9th Cir. 1981)). The Court may only appoint counsel for a party proceeding *in forma pauperis* in exceptional circumstances. 28 U.S.C. § 1915(e)(1). *Tilei v. California Department of Corrections and Rehabilitation*, 644 Fed.Appx. 758, 759 (9th Cir. 2016) (citing *Terrell v. Brewer*, 935 F.2d 1015, 1017

1  (9th Cir. 1991)). In order to determine whether exceptional circumstances exist, the Court must consider "the likelihood of success on the merits as well as the ability of the petitioner to articulate his arguments *pro se* in light of the complexity of the legal issues involved." *Palmer,* 560 F.3d at 970 (citation omitted). Neither of these considerations is dispositive and the Court must examine them together. *Id.* (citing *Wilborn v. Escalderon,* 789 F.2d 1328, 1331 (9th Cir. 1986)).

The Court cannot conclude on this record that exceptional circumstances warranting the appointment of counsel exist. Swallow argues that this case has become too complex to handle without a lawyer. (ECF No. 57 at 1.) He points to his education and learning disability, difficulties accessing documents, and the fact that Defendants are officers outside the prison. (*Id.* at 2.) Swallow argues that a trial would be too complex for him to litigate without an attorney. (*Id.*) The Court is sympathetic to these issues but finds that Swallow has been able to articulate his arguments well in prior briefing at the motion to dismiss stage, including by filing a motion to apply equitable tolling. (*See* ECF Nos. 25, 26.) This case will only proceed to trial if Swallow is successful in defeating Defendants' motion for summary judgment, which he has not yet replied to. Defendants argue that Swallow's claims are barred by the statute of limitations, that their use of force was reasonable in the circumstances, and that they are entitled to qualified immunity. (ECF No. 54.) Despite his challenges, the Court finds Swallow is sufficiently able to advocate for himself at this stage of the proceedings and denies his motion for appointment of counsel.

However, due to Swallow's issues accessing mail, the Court gives Swallow an additional 14 days to respond to Defendants' motion for summary judgment. The Court reminds Swallow that Defendants' motion for summary judgment could end this case.

### III. CONCLUSION

The Court therefore DENIES Plaintiff's Motion for Appointment of Counsel (ECF No. 57) without prejudice.

The Court extends Plaintiff's deadline to respond to Defendants' Motion for Summary Judgment (ECF No. 54) to August 13, 2025. Defendants' reply will be due 7 days from that date.

DATED: July 29, 2025

_____
ANNE R. TRAUM
UNITED STATES DISTRICT JUDGE